# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 17, 2016

Marie A. Becton
915 Dandridge Drive
Fayetteville, NC 28303

David Nathaniel Mervis
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

RE:    *Marie A. Becton v. Commissioner, Social Security Administration*;
       Civil No. SAG-15-613

Dear Ms. Becton and Counsel:

On March 4, 2015, Plaintiff Marie A. Becton petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for widow's insurance benefits under Title II of the Social Security Act.   [ECF No. 1].   I have considered the Commissioner's Motion to Dismiss and Ms. Becton's Response.[1]  [ECF Nos. 14, 16].   Ms. Becton appears *pro se*.   I find that no hearing is necessary.   *See* Loc. R. 105.6 (D. Md. 2014). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

The Commissioner argues that this Court lacks jurisdiction to review Ms. Becton's claim because she did not exhaust her administrative remedies with the Agency, and because this Court is not the proper venue to adjudicate her claim.   I agree with the Commissioner.

Turning to the Commissioner's first argument, the Commissioner raises the issue of whether this Court has subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).   A motion under Rule 12(b)(1) challenges "whether the court has the competence or authority to hear the case."   When a defendant challenges subject-matter jurisdiction, the court is to regard the pleadings "as mere evidence on the issue, and may consider evidence outside the pleadings . . . ."   *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

---

[1] On December 23, 2015, this Court sent Ms. Becton a Rule 12/56 letter, informing her that she had seventeen (17) days to respond to the Commissioner's Motion to Dismiss or the Court could dismiss her case without further notice. She subsequently and timely filed her response on January 7, 2016.

*Marie A. Becton v. Commissioner, Social Security Administration*
Civil No. SAG-15-613
February 17, 2016
Page 2

Furthermore, the plaintiff bears the burden of proving that the court has subject-matter jurisdiction. *Id.*

Sovereign immunity acts as a limiting principle on the jurisdiction of federal courts because "[t]he United States, as sovereign, is 'immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). With respect to claims against SSA, the Social Security Act ("the Act") provides a waiver of sovereign immunity and allows an individual to bring a claim arising under the Act in the circumstances outlined by 42 U.S.C. § 405(g). Section 405(g) provides that:

> Any individual after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* Section 405(g) is the exclusive method of review for claims arising under the Act.[2] *See* 42 U.S.C. § 405(h). Thus, this Court does not have subject-matter jurisdiction to review a SSA action that is not final. *See Ringer*, 466 U.S. at 617.

The term "final decision" is undefined in the Act, and its meaning is left, instead, "to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). Social Security regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a). First, an individual claiming entitlement to benefits receives an initial determination. 20 C.F.R. § 404.902. If the claimant is not satisfied with the determination, the claimant may request the Agency to reconsider the decision. 20 C.F.R. § 404.907. If the claimant is still not satisfied with the determination, the claimant may then request a hearing before an Administrative Law Judge ("ALJ"). *Id.*; 20 C.F.R. § 404.929. The claimant must request a hearing within sixty (60) days after the claimant receives notice of the previous determination or decision unless the Commissioner grants a written request for more time. 20 C.F.R. § 404.933(b). Finally, if the claimant is not satisfied with the ALJ's determination, the claimant may request review by the Appeals Council ("AC"). 20 C.F.R. § 404.967. The AC may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the request for review and issue its own decision. 20 C.F.R. § 404.981. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty (60) days after receiving notice of the AC's action unless the Commissioner grants a written request for more time. 20 C.F.R. §§ 404.981, 404.982, 422.210. If the claimant does not pursue administrative appeal rights, or does not do so within the time

---

[2] A claim arises under the Act when the statute provides "both the standing and substantive basis for" the claim. *Heckler v. Ringer*, 466 U.S. 602, 615 (1984)

*Marie A. Becton v. Commissioner, Social Security Administration*
Civil No. SAG-15-613
February 17, 2016
Page 3

limits set out in the regulations, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

In the instant case, Ms. Becton filed a claim for widow's insurance benefits under Title II of the Act on September 24, 2004. [ECF No. 14-1 at ¶ 3(a)]. On October 4, 2011, Ms. Becton received a letter from the Agency stating that she was due an additional $13.00 due to a rate increase. *Id.* Ms. Becton filed a reconsideration request on December 2, 2011, based on the October 4, 2011 notice. *Id.* at ¶ 3(b). On March 16, 2012, she received a notice of reconsideration affirming the prior determination and informing her of her right to request a hearing if she disagreed with the decision. *Id.* Ms. Becton did not request a hearing, but instead filed the instant action with this Court on March 4, 2015. [ECF No. 1]. Based on these facts, I find that Ms. Becton has failed to establish that this Court has jurisdiction to adjudicate her claim.

Ms. Becton's claim arises under the Act because it provides "both the standing and the substantive basis for" her claim. *Heckler*, 466 U.S. at 615. In her Complaint, Ms. Becton alleges that she has "been denied Social Security Survivors Benefits since becoming eligible," and that "Social Security Administration (SSA) has been consistent in their [sic] determination that '[she is] totally Offset" under the Government Pension Offset (GPO)." [ECF No. 1 at 2]. Further, she states that "[a]fter Medicare is deducted, [her] Social Security is $25.00 monthly." *Id.* Thus, what Ms. Becton ultimately seeks is an increase in her benefit payments. As discussed above, the Act provides the exclusive remedy for claims challenging action by the Commissioner.[3] Furthermore, a determination is not final, and thus not reviewable by this Court, until the claimant has completed each step in the administrative appeal process outlined above. Because Ms. Becton did not request or attend a hearing before an ALJ, and also did not seek review by the AC, she has not exhausted her administrative remedies. Accordingly, this Court does not have jurisdiction to adjudicate her claim.

Turning to the Commissioner's second argument, I agree that this Court is not the proper venue to adjudicate Ms. Becton's claim. The Act dictates that any action brought against the Agency pursuant to 42 U.S.C. § 405(g) "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his [or her] principal place of business, or, if he [or she] does not reside or have his [or her] principal place of business within any such judicial district, in the United States Court for the District of Columbia." The plaintiff has the burden of showing that venue is proper. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F. 3d 56, 59-60 (4th Cir. 1993).

---

[3] Regarding a plaintiff's ability to challenge action by SSA, the Supreme Court has held "§ 405(h)'s bar reaches beyond ordinary administrative law principles of 'ripeness' and 'exhaustion of administrative remedies'—doctrines that normally require channeling a legal challenge through the agency—by preventing the application of exceptions to those doctrines." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 2 (2000). Thus, the Supreme Court foreclosed the possibility of challenging Agency action on any other grounds or through any means beside those outlined in 42 U.S.C. §§ 405(g)-(h).

*Marie A. Becton v. Commissioner, Social Security Administration*
Civil No. SAG-15-613
February 17, 2016
Page 4

Ms. Becton has made no showing that she either resides or has her principal place of business in the District of Maryland.   In her Complaint, she listed an address in Fayetteville, North Carolina.  [ECF No. 1].   Ms. Becton did not address the Commissioner's argument that venue is improper in her Response, and continued to list a Fayetteville, North Carolina address. Because Ms. Becton has not met her burden of proving that she either resides or has her principal place of business in the District of Maryland, I agree that venue is improper.   Pursuant to 28 U.S.C. § 1406(a), when a plaintiff files a case laying venue in the wrong division or district, the district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, this Court may either dismiss Ms. Becton's claim, as requested by the Commissioner, or transfer her case to the Eastern District of North Carolina where she appears to reside.   However, because Ms. Becton failed to exhaust her administrative remedies, as discussed above, I find no judicial interest in transferring the case to another district.    Under these circumstances, I find that dismissing Ms. Becton's case is appropriate.

For the reasons set forth herein, Defendant's Motion to Dismiss (ECF No. 14) is GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge